IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**ISAAC JEROME SMITH**,

    **Petitioner,**

                                                      **Case No.: 1:15-cv-11533**

**v.**

**BART MASTERS,**
**Warden, FCI-McDowell,** [1]

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 2). This case is assigned to the Honorable David A. Faber, United States District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and

---

[1] Petitioner was incarcerated at Federal Correctional Institution McDowell in Welch, West Virginia when he filed the instant petition. (ECF No. 2 at 1). However, since that time, Petitioner was transferred to Federal Correctional Institution Miami where he is presently in custody. *See* BOP inmate locator at www.bop.gov/inmateloc/. Pursuant to Federal Rule of Civil Procedure 25(d), the warden of the facility in which he is in custody, B.H. Romero, shall be substituted as Respondent in this case. Further, despite the fact that Petitioner is no longer in custody in the Southern District of West Virginia, the Court retains jurisdiction over this matter. "Jurisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994) (citing *Francis v. Rison,* 894 F.2d 353, 354 (9th Cir.1990)).

Petitioner's Motion for Summary Judgment, **GRANT** Respondent's Motion to Dismiss, and **DISMISS** this action, with prejudice, and remove it from the docket of the Court.

## I.     Introduction

Petitioner is a federal inmate currently incarcerated in Federal Correctional Institution Miami in Miami, Florida. On April 22, 2014, while Petitioner was incarcerated in Federal Correctional Institution Marianna in Marianna, Florida, he received an incident report prepared by a nursing employee at the institution. (ECF No. 2 at 22-23). The employee stated that she was in the urgent care room typing on her computer when Petitioner, who was acting as an orderly, approached her from behind and purposefully brushed against her with his pelvis and placed his hand on her back, stating "excuse me" as he was throwing items into the trash. (*Id.* at 22). She reported that Petitioner repeated the same behavior, but did not say anything the second time. (*Id.*). The employee described that she was alarmed and requested that Petitioner leave the area to which he complied. (*Id.*). The employee claimed that Petitioner followed her as she left the room and appeared to be watching to see if she was going to report the incident. (*Id.*). Petitioner was charged with violations of code 224 (assault on staff) and 205 (engaging in a sexual act). When questioned about the allegations, Petitioner asserted that they were "not true" and that he never touched the employee. (*Id.* at 23). He claimed that he was called to the room to clean and that every time he went past the employee, he said "excuse me," and she let him pass, saying "go ahead." (*Id.*).

On May 1, 2014, Petitioner had a hearing before a Discipline Hearing Officer ("DHO"). (*Id.* at 14-16). Petitioner was advised of his rights and he declined to present any documentary evidence or witnesses. (*Id.* at 15). The DHO considered the employee's statements, as documented in the incident report, as well as Petitioner's statements

2

denying the charges. (*Id.*). However, the DHO found that the employee's statements were more credible because she had "nothing to gain by providing a false statement." (*Id.*). Further, the DHO concluded, based on Petitioner's statement at the hearing, that he did "brush up against" the employee. (*Id.*). The DHO cited that there was another garbage can in the room and Petitioner should have placed the items in that receptacle instead of choosing to use the garbage can that caused him to come into contact with the employee. (*Id.*). In light of the evidence, the DHO dismissed the charge of engaging in a sexual act, code 205, but determined that some evidence established Petitioner's violation of code 224, which, in relevant part, proscribed the act of touching a staff member without consent. (*Id.*). The DHO reasoned that the employee did not consent to Petitioner rubbing against her; therefore, Petitioner's actions fell within the range of behavior prohibited by code 224. (*Id.*). The DHO sanctioned Petitioner to 60 days of disciplinary segregation, disallowance of 27 days of good conduct time, and loss of privileges for one year. (*Id.*).

Petitioner appealed the DHO's decision to the Regional Director in the appropriate region. (*Id.* at 12-13). He contended that his due process rights were violated when the DHO failed to prove a necessary element of simple assault; that being, that Petitioner caused bodily injury to the staff member. (*Id.* at 13). The Regional Director denied Petitioner's appeal, finding that the required disciplinary procedures were substantially followed, the evidence supported the DHO's findings, and the sanctions were appropriate for the offense. (*Id.* at 12).

Petitioner then appealed the Regional Director's response to the Central Office, again arguing that the DHO acted unconstitutionally by finding Petitioner guilty of the code violation in the absence of evidence establishing a bodily injury to the employee. (*Id.* at 20). The Central Office extended the deadline for its response to February 13, 2015. (*Id.*

3

at 19). As of the date that Petitioner filed the instant § 2241 petition on July 27, 2015, Petitioner contends that he had not received a response from the Central Office. (*Id.* at 3). Nevertheless, Respondent represents to the Court that Petitioner "is considered to have exhausted his administrative remedies." (ECF No. 8-1 at 2).

Petitioner's § 2241 petition evidently abandons his misguided assertion that the DHO failed to establish that Petitioner committed the prohibited act of assault because he did not cause bodily injury to the employee. Rather, the instant petition asserts that Petitioner's due process rights were violated because the DHO was not an impartial fact-finder and did not have sufficient evidence to conclude that he was guilty of the violation. (ECF Nos. 2 at 6, 3 at 3-6, 11 at 1-2). Respondent filed a response to the petition, and Petitioner filed a reply memorandum. (ECF Nos. 8, 10). As set forth below, the undersigned finds that Petitioner clearly is not entitled to relief in this action; therefore, an evidentiary hearing is unnecessary, and the petition is ripe for dismissal.

## II.  Discussion

### A. Due Process Claim

The Fourteenth Amendment to the United States Constitution protects inmates from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell,* 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). When a federal prisoner is subject to a disciplinary proceeding that may result in the loss of good conduct credit, the prisoner is guaranteed certain requirements of procedural due process, including: (1) written notice of the charges provided at least 24 hours in advance of the disciplinary hearing; (2) disclosure of the evidence; (3) the ability to call witnesses and present documentary evidence, when doing so does not pose a hazard to institutional safety or correctional goals; (4) a neutral and impartial fact-finder; and (5) a written

statement by the fact-finder of the evidence relied upon and the reasons for any disciplinary action. *Wolff,* 418 U.S. at 559–66; *Ewell v. Murray,* 11 F.3d 482, 488 (4th Cir. 1993). The DHO follows a procedure that incorporates these due process protections. *See* 28 C.F.R. § 541.8.

Here, Petitioner was accorded all of the procedural safeguards prescribed by *Wolff.* Indeed, he does not contest that he received most of the constitutional guarantees set forth in *Wolff.* On April 22, 2014, he received a copy of the incident report, which notified him of the charges and evidence against him well in advance of his disciplinary hearing on May 1, 2014. (ECF No. 2 at 14, 22). He was permitted to call witnesses and present documentary evidence, but declined to do so. (ECF No. 2 at 14). Also, the DHO provided a written statement detailing the evidence that she relied upon, her findings, and the reasons for the disciplinary sanctions imposed. (*Id.* at 15).

The only *Wolff* factor which Petitioner specifically challenges is his right to a neutral and impartial fact-finder. He indicates that the DHO in his case was predisposed to believe the employee's version of events for several reasons, including the fact that the DHO is female and a colleague of the employee that Petitioner allegedly assaulted, and because the incident report referenced his past charge of aggravated assault for touching a corrections officer on the buttocks. (ECF No. 3 at 3-4). However, Petitioner provides no facts or evidence to support his vague accusation that the DHO was biased in favor of the reporting employee, or that she exhibited any type of hidden motive against Petitioner. (ECF Nos. 2, 3, 10, 11). There is no evidence, and Petitioner does not allege, that the DHO was a "victim, witness, investigator, or otherwise significantly involved in the incident" such as to render her an impartial decision maker. 28 C.F.R. § 541.8(b). Petitioner does not offer anything to suggest that the DHO's decision was influenced by the fact that she

5

was the same sex as the employee, or that she had a special relationship with the employee.

Moreover, the record shows that the DHO dismissed one of the charges against Petitioner, which belies his claim of bias and indicates that the DHO made reasoned decisions based upon the evidence. (ECF No. 2 at 15). As another district court stated, "prisoners' claims of bias and retaliation are to be viewed with skepticism" and "[u]nsupported, conclusory allegations do not entitle a habeas petitioner to relief." *Wheeler v. Perdue*, No. 1:14-CV-36, 2015 WL 366412, at *8 (N.D. W. Va. Jan. 27, 2015) (dismissing the petitioner's "conclusory allegation" that the African American DHO was personally biased against him as a Caucasian) (internal citations omitted); *see also Teoume-Lessane v. Bolyard*, No. 5:07CV159, 2008 WL 4283522, at *11 (N.D. W. Va. Sept. 17, 2008), *aff'd*, 329 F. App'x 389 (4th Cir. 2009) (declining to find that the DHO was biased). Therefore, the undersigned **FINDS** that Petitioner poses no valid challenge to the DHO's neutrality, and Petitioner's associated claim for habeas relief based upon lack of due process is without merit.

### B. Sufficiency of the Evidence

Petitioner also challenges the sufficiency of the evidence against him. He particularly takes issue with the fact that the DHO "relied on the Incident Report alone" and there was "no documented evidence, video or audio evidence" that he committed the prohibited act. (ECF No. 3 at 3).

In *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 2774, 86 L. Ed. 2d 356 (1985), the United States Supreme Court set the evidentiary standard necessary to satisfy "the minimum requirements of procedural due process" in a prison disciplinary proceeding. *Id.* (quoting *Wolff*, 418 U.S. at 558).

6

Appreciating "the legitimate institutional needs of assuring the safety of inmates and prisoners, avoiding burdensome administrative requirements that might be susceptible to manipulation, and preserving the disciplinary process as a means of rehabilitation," the Court held "that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Id.* at 454-55. The Court explained that to ascertain whether the standard is met does not require reviewing the entire record, weighing the evidence, and independently assessing credibility. *Id.* at 445. "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56 (citing *United States ex rel. Vajtauer v. Commissioner of Immigration,* 273 U.S. 103, 106, 47 S.Ct. 302, 303, 71 L.Ed. 560 (1927)).

      Applying this standard to the instant case, the undersigned finds that the evidence relied upon by the DHO is sufficient to meet procedural due process protections. The DHO considered the facts presented in the incident report, as well as Petitioner's statements. (ECF No. 2 at 15). The DHO found that although Petitioner denied the charge, his statement at the hearing confirmed that he did "brush up against" the employee. (*Id.*). Further, the DHO was not persuaded by Petitioner's claim that he had to approach the employee to throw items in the garbage can as he could have, and should have, disposed of the items in the other garbage can in the room. (*Id.*). The DHO ultimately found the statement of the employee to be most credible. (*Id.*). Noting that assault includes unconsented touching of another person, and the employee did not consent to Petitioner touching her, the DHO determined that the Petitioner committed the prohibited act.

      There clearly exists "some evidence" to support the DHO's decision. *Hill*, 472 U.S. at 444-45. Contrary to Petitioner's fruitless attempt to dissect the DHO's decision piece-

by-piece, it is not the province of this Court to weigh the evidence and independently assess the credibility of the employee and Petitioner. Rather, the DHO acted as the fact-finder in Petitioner disciplinary proceeding and accordingly weighed the available evidence and assessed the credibility of the employee, finding that her statements were credible.

In this case, there is evidence in the record that could support the conclusion reached by the DHO. *Hill*, 472 U.S. at 445-46. The employee's statements, as documented in the incident report, provide that Petitioner intentionally touched her twice without her consent. Further, the evidence demonstrated that there was another garbage can in the room that Petitioner could have used to avoid touching the employee. Accordingly, "the record was not so devoid of evidence that the findings of the [DHO] were without support or otherwise arbitrary." *Id.* at 457.

It was not incumbent upon the DHO to corroborate the employee's statements with "video or audio evidence," as Petitioner suggests. "'Some evidence' does not in any way imply that prison disciplinary bodies must consider all possible evidence." *Landry v. Adams*, No. 2:06-cv-151, 2007 WL 869224, at *4 (E.D. Va. Mar. 19, 2007), *report and recommendation adopted*, No. 206-cv-151, 2007 WL 2416534, at *5 (E.D. Va. Aug. 17, 2007) (finding that a petitioner's due process rights were not violated by the absence of video surveillance footage where petitioner asserted no facts supporting his claim that exculpatory evidence existed in the video and "some evidence" supported the DHO's decision); *see also Wallace v. Warden, USP Hazelton,* No. 1:13-cv-00013, 2013 WL 3819928 (N.D. W. Va. July 23, 2013) (holding that a DHO's use of still photographs and testimony to establish a violation fulfilled the "some evidence" standard despite the DHO's failure to review videotape evidence); *Wlash v. Berkebile*, No. 5:09-cv-00199, 2011

8

WL 2417136, at *5 (S.D. W. Va. June 13, 2011) (the failure of a DHO to review video surveillance footage at the petitioner's request was not a constitutional violation where "some evidence" supported the DHO's decision); *Henderson v. Commonwealth of VA,* No. 7:07-cv-00266, 2008 WL 204480, at *11 (W.D. Va. Jan. 23, 2008) (finding that a prisoner's due process rights were not violated at a disciplinary hearing when the DHO failed to review video surveillance footage, because "some evidence" supported the decision); *and Raynor v. Jackson,* No. 3:06-cv-469-03-MU, 2006 WL 3359433, at *3 (W.D.N.C. Nov. 20, 2006) (finding that "some evidence" supported a DHO's conclusion; therefore, petitioner's due process rights were not violated when videotaped evidence was not available nor reviewed as part of the disciplinary hearing).

"The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." *Hill,* 472 U.S. at 457. That standard is met in this case. Accordingly, the undersigned **FINDS** that Petitioner's challenge to the DHO's decision is without merit.

### III. Proposal and Recommendation

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** as follows:

1. Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 2) be **DENIED**;

2. Respondent's motion to dismiss (ECF No. 8) be **GRANTED**;

3. Petitioner's Motion for summary judgment (ECF No. 20) be **DENIED**; and

4. That this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and to counsel of record.

**FILED:** February 16, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge